**ORIGINAL**

Receipt No. 074955

**FILED**

DEC 2 8 2012

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEPHANIE MERCIER, )
AUDRICIA BROOKS, on behalf of )
themselves and all others similarly )
situated, )                                   Case No. 12 - 920 C
)
          Plaintiffs, )
)
v. )                                          **CLASS ACTION**
)
THE UNITED STATES OF AMERICA )
)
          Defendant. )

### COMPLAINT

Plaintiffs, individually and on behalf of all similarly situated persons, for their Complaint against Defendant, allege, upon personal knowledge as to the allegations concerning themselves and upon information and belief based on investigation of counsel as to all other matters, as follows:

### INTRODUCTION

1.      This is a class action brought by Plaintiffs, on behalf of themselves, and all other similarly situated current and former registered nurses employed by the United States Department of Veterans Affairs ("VA"), who have not received basic hourly pay, overtime pay, or compensatory time off to which they are entitled under 38 U.S.C § 7453 and under VA regulations and policies for all hours of work that they performed on a recurring and involuntary basis and significantly in excess of fifteen (15) minutes duration in a calendar day, and  in excess of forty (40) hours in an administrative workweek, in excess of eight consecutive hours in a workday, or in excess of their daily work requirement. Plaintiffs also claim interest on the above amounts pursuant to the provisions of 5 U.S.C. § 5596(b), along with attorneys' fees and costs.

1

## JURISDICTION AND VENUE

2.      Jurisdiction over this action is conferred by 28 U.S.C. §1491(a)(1) (Tucker Act), 5 U.S.C. § 5596 (Back Pay Act), 28 U.S.C. § 2501, and 28 U.S.C. §1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1491(a)(1).

## FACTUAL ALLEGATIONS

4.      Plaintiff Stephanie Mercier is an adult citizen of the United States, residing in Nicholasville, Kentucky. Since 2009, Ms. Mercier has been employed by the VA at the Lexington VA Medical Center in Lexington, Kentucky as a nurse practitioner at all times relevant to this action.

5.      Plaintiff Audricia Brooks is an adult citizen of the United States, residing in Cincinnati, Ohio. Since 1993, Ms. Brooks has been employed by the VA at the Cincinnati Medical Center in Cincinnati, Ohio as a nurse practitioner at all times relevant to this action.

6.      Nurse practitioners, clinical nurse specialists, and nurse anesthetists are considered registered nurses ("RNs") appointed under 38 U.S.C. § 7401(1).

7.      With respect to the allegations made in this Complaint, Defendant the United States of America has acted principally through the United States Department of Veterans Affairs ("VA"). At all relevant times, the agents, officers, and representatives of the United States who took the actions at issue, were duly authorized by the United States to take those actions and thus, the Defendant United States is ultimately responsible for the actions described in this Complaint.

8.      At all relevant times, Plaintiffs and other class members were employed as registered nurses by the VA within the meaning of 38 U.S.C. §§ 7401(1), 7404, 7421, 7422, 7453, and 7459.

9. During all relevant times, up until and including the present, Plaintiffs and other class members have been paid on an hourly basis.

10. With respect to "Determining Whether Activities of Health Care Professionals Constitute VA Work, VA policy (VA Handbook 5011, Part II, Chapter 3) states that, "The statutory missions of VHA include patient care, research and education, and supporting these broad missions entail a variety of different work activities. The primary focus is patient care . . . Off-site patient care . . . must also be directly related to VA's mission and approved by the facility Director or designee and properly documented."

11. VA policy (VA Handbook 5011, Part II, Chapter 3) also states that, "[On-site (VA grounds)] Clinical duties involve providing and/or supervising patient services at VA, clinical teaching at VA related to the care of VA patients, providing patient care at an outpatient clinic, or participating in interdisciplinary patient care conferences at VA. For example, patient evaluation, invasive procedures, consultation, attending rounds, journal club, follow-up calls, clinical documentation, care coordination, or care planning conferences."

12. VA policy (VA Handbook 5011, Part II, Chapter 3) further states that, "[Off-site clinical duties includes] "public service or other professional activities when the activity is considered to be of substantial benefit to VA in accomplishing its general mission or one of its specific functions; or providing services regarding a VA patient from another site (e.g., reading x-rays from home or entering patient notes via remote computer log-on)."

13. With respect to the "Establishment of Regularly Scheduled Administrative Workweeks," VA policy (VA Handbook 5011, Part II, Chapter 3) states that, "Because of the continuous nature of the services rendered at hospitals, the facility Director, or designee (in no case less than a chief of service), has the authority to prescribe any tour of duty to ensure

adequate professional care and treatment to the patient, consistent with these provisions considered the employee's 'Saturday.'"

14.     During all relevant times, up until and including the present, Plaintiffs and other class members worked additional hours, significantly in excess of fifteen (15) minutes duration in a calendar day, on a recurring and involuntary basis, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement performing patient care clinical duties and professional responsibilities known as View Alerts using VA, non-VA, or personal home computers or laptops.

15.     View Alerts are electronic, written, patient-related, and time-sensitive requests for information or follow up that are sent directly to nurses through their individually VA assigned accounts to complete. View Alerts may be sent from physicians, other providers, pharmacies, laboratories, patients, and other individuals and locations from within as well as outside the VA system. View Alerts may be sent at any time and at any hour of the day or night. View Alerts are continuously sent to nurses to complete with no limit as to how many View Alerts each nurse may receive or be asked to perform. View Alerts that are not completed within two (2) weeks are automatically removed from a nurse's account. Under their professional responsibilities as patient advocates, nurses have an obligation to complete all View Alerts.

16.     Performing View Alerts using a VA, non-VA, or personal home computer or laptop constitutes patient care and clinical duties, whether on-site or off-site, and is compensable VA work for purposes of awarding basic and additional overtime pay under 38 U.S.C. §§ 7404, 7453, and 7459 and under basic pay and overtime regulations and policies of the VA.

17.    At all times relevant to this action and continuing to the present, Defendant, including nurse supervisors or other VA personnel with the authority to order or approve overtime work and pay, had knowledge that Plaintiffs and other class members on a recurring and involuntary basis worked additional hours significantly in excess of fifteen (15) minutes in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement performing View Alerts, and expected, required, and induced Plaintiffs and other class members to work those additional hours performing View Alerts.

18.    Nurses who do not work in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement to complete a sufficient volume of View Alerts, as subjectively deemed by VA management, are subject to intensified scrutiny, management intervention, and disciplinary action for poor time management.

19.    During either nurse or management initiated interventions to address  time management issues or the overwhelming and excessive workload that performing all View Alerts within a regularly scheduled work shift entails, VA management has never instructed Plaintiffs and other class members to reduce the daily volume of View Alerts performed or offered to substantively reduce the workload in other areas of their nurse responsibilities to allow Plaintiffs and other class members to have a workload that realistically reflects their actual work requirement and can be completed within a regularly scheduled shift.

20.    At all times relevant to this action and continuing to the present, VA management has increased nursing workload for Plaintiffs and other class members by continually expanding the size of the panel of patients to which each nurse is assigned or for which each nurse is

effectively responsible. Continual expansions of patient panel sizes have resulted in a greater and ever-increasing volume of View Alerts assigned to each nurse.

21.     On some occasions, Plaintiffs have requested and received overtime pay or compensatory time off for additional hours worked significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of their regularly scheduled daily or weekly shift in order to complete additional View Alerts. On other occasions, Plaintiffs' requests for overtime pay, or compensatory time off, for additional hours worked significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of their regularly scheduled daily or weekly shift in order to complete additional View Alerts were denied.

22.     At all times relevant to this action and continuing to the present, Defendant has willfully failed to compensate Plaintiffs and other class members with either basic hourly pay, overtime pay at one and one-half times each nurse's hourly rate of pay, or compensatory time off for all hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement, which were not otherwise approved as overtime and paid, or compensatory time off and granted.

23.     Plaintiffs and other class members have made numerous attempts to correct the VA's failure to pay the proper additional overtime pay.

24.     The VA has disregarded efforts to claim overtime pay or compensatory time off for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of

their daily work requirement citing the VA Secretary's authority under 38 U.S.C. § 7422, which prohibits Plaintiffs and other class members from collectively bargaining over matters pertaining to "professional conduct or competence" or "the establishment, determination, or adjustment of employee compensation."

25.     Defendant's failure to compensate Plaintiffs and other class members with basic hourly pay, overtime pay, or compensatory time off for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement continues to the present. As a result of the Defendant's conduct described in this complaint, Plaintiffs and other similarly situated individuals have suffered and continue to suffer injuries including, but not limited to, economic loss by not receiving the pay or time off to which they are entitled.

26.     The conduct described in this complaint has been and continues to be intentional.

## CLASS ALLEGATIONS

27.     Plaintiffs incorporate the allegations of Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28.     Class Description: The Plaintiff Class consists of all persons who are past or present registered nurses employed by the VA, including nurse practitioners, clinical nurse specialists, and nurse anesthetists; who were or are employed within six years preceding the filing of this Complaint; who performed compensable patient care and clinical duties, known as View Alerts, using VA, non-VA, or personal home computers or laptops; who on a recurring and involuntary basis worked additional hours, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in

excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement performing View Alerts; and who did not receive basic hourly pay, overtime pay at one and one-half times each nurse's hourly rate of pay, or compensatory time off in lieu of overtime pay for all additional hours worked.

29.     Included within the class are persons employed by the VA appointed pursuant to 38 U.S.C. § 7401(1), who are nurse practitioners, clinical nurse specialists, and nurse anesthetists – all of whom are considered to be registered nurses.

30.     This action is properly maintained as a class action under Rule 23(a) and 23(b) of the Rules of the United States Court of Federal Claims. ("RCFC")

31.     The class is so numerous that joinder of all members as plaintiffs is impracticable. Plaintiffs reasonably estimate that the pool of potential class members is in excess of 10,000 present and former employees.

32.     There are common questions of law and fact that affect the members of the class and predominate over any questions affecting only individual members. The primary legal and factual questions in this case include, but are not limited to:

      a.   Whether the VA employed the named Plaintiffs and other similarly situated individuals during the relevant time periods;

      b.   Whether the Plaintiffs and other class members on a recurring and involuntary basis worked additional hours, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement performing compensable patient care and clinical

duties, known as View Alerts, using VA, non-VA, or personal home computers or laptops;

c. Whether the additional hours worked significantly in excess of fifteen (15) minutes duration in a calendar day and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement by the Plaintiffs and other class members were worked on a recurring and involuntary basis;

d. Whether VA management had knowledge Plaintiffs and other class members worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and expected, required, and induced Plaintiffs and class members to work those additional hours;

e. Whether VA management's knowledge of additional hours worked in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and the expectation, requirement, and inducement to work those additional hours constitute order, approval, or authorization under 38 U.S.C. § 7453(e) and regulations and policies of the VA to work those additional hours;

f. Whether the VA willfully failed to pay Plaintiffs and other class members for all hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a

workday, or in excess of their daily work requirement with basic hourly pay, overtime pay at one and one-half times each nurse's hourly rate of pay, or with compensatory time off;

g.   Whether the VA's practice of failing to compensate for all hours worked significantly in excess of fifteen (15) minutes duration in a calendar day and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement violates basic pay provisions of regulations and policies of the VA and additional overtime pay provisions of 38 U.S.C. § 7453, special rules for overtime duty provisions of 38 U.S.C. § 7459, and overtime regulations and policies of the VA.

33.    Plaintiffs' claims are typical of the claims of the class, and Plaintiffs have no interests adverse to or in conflict with those of other class members.

34.    Plaintiffs will fairly and adequately protect the interests of the class. They have retained competent counsel experienced in class action litigation and in litigation involving pay statutes.

## COUNT I
## VIOLATION OF ADDITIONAL PAY STATUTE
## 38 U.S.C. § 7453
## BY DEPARTMENT OF VETERANS AFFAIRS

35.    Plaintiffs incorporate the allegations of Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.    38 U.S.C. § 7453(e)(1) requires that, "A nurse performing officially ordered or approved hours of service in excess of 40 hours in an administrative workweek, or in excess of eight consecutive hours, shall receive overtime pay for each hour of such additional service. The overtime rates shall be one and one-half times such nurse's hourly rate of basic pay."

37.     38 U.S.C. § 7453(e)(2) states that, "For purposes of this subsection, overtime must be of at least 15 minutes duration in a day to be creditable for overtime pay."

38.     38 U.S.C. § 7453(e)(3) states that, "Compensatory time off in lieu of pay for service performed under the provisions of this subsection shall not be permitted, except as voluntarily requested in writing by the nurse in question."

39.     38 U.S.C. § 7453(f) states that, "For the purpose of computing the additional pay provided by subsection (b), (c), (d), and or (e), a nurse's hourly rate of basic pay shall be derived by dividing such nurse's annual rate of basic pay by 2080."

40.     Defendant's knowledge of Plaintiffs' and other class members' additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and expectation, requirement, and inducement to work those additional hours constitute Defendant's order or approval for the additional hours worked.

41.     At all times relevant to this action and continuing to the present, Defendant willfully failed to pay Plaintiffs and other class members for additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement at an overtime rate of one and one-half times the hourly rate of pay or with compensatory time off.

42.     The foregoing actions of Defendant constitute violations of the additional overtime pay provisions of 38 U.S.C. § 7453.

43.     Plaintiffs and other class members, who have been employed as registered nurses, including nurse practitioners, clinical nurse specialists, and nurse anesthetists, have been financially damaged by the VA's failure to properly pay additional overtime pay and are entitled to recover from the Defendant relief that includes, but is not limited to, any and all unpaid overtime back pay, and interest on such overtime back pay, for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement; and, reasonable attorneys' fees and costs of this action pursuant to 38 U.S.C. § 7453 and 5 U.S.C. § 5596.

## COUNT II
## VIOLATION OF SPECIAL RULES FOR OVERTIME DUTY STATUTE
## 38 U.S.C. § 7459
## BY DEPARTMENT OF VETERANS AFFAIRS

44.     Plaintiffs incorporate the allegations of Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     38 U.S.C. § 7459(a) requires that, "Except as provided in subsection (c), the Secretary may not require nursing staff to work more than 40 hours (or 24 hours if such staff is covered under section 7456 of this title) in an administrative work week or more than eight consecutive hours (or 12 hours if such staff is covered under section 7456 or 7456A of this title)."

46.     38 U.S.C. § 7459(b) requires that, "Nursing staff may on a voluntary basis elect to work hours otherwise prohibited by subsection (a)" and requires that, "The refusal of nursing staff to work hours prohibited by subsection (a) shall not be grounds – A) to discriminate (within the meaning of section 704(a) of the Civil Rights Act of 1964 (42 U.S.C. 2003e-3 (a))) against

the staff; B) to dismiss or discharge the staff; or C) for any other adverse personnel action against the staff."

47.    At all times relevant to this action and continuing to the present, Defendant expected, required, and induced Plaintiffs and other class members to work additional hours on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement.

48.    The additional hours worked in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement do not fall within the scope of the emergency circumstances as described in 38 U.S.C. § 7459(c).

49.    At all times relevant to this action and continuing to the present, Defendant willfully failed to pay Plaintiffs and other class members for additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement at an overtime rate of one and one-half times the hourly rate of pay or compensatory time off.

50.    The foregoing actions of Defendant constitute violations of the additional pay and special rules for overtime duty provisions of 38 U.S.C. §§ 7453 and 7459.

51.    Plaintiffs and other class members, who have been employed as registered nurses, including nurse practitioners, clinical nurse specialists, and nurse anesthetists, have been financially damaged by the VA's failure to properly pay additional overtime pay and are entitled to recover from the Defendant relief that includes, but is not limited to, any and all unpaid

overtime back pay, and interest on such overtime back pay, for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement; and, reasonable attorneys' fees and costs of this action pursuant to 38 U.S.C. § 7453, 38 U.S.C. § 7459, and 5 U.S.C. § 5596.

**COUNT III**
**VIOLATION OF OVERTIME REGULATIONS AND POLICIES**
**BY DEPARTMENT OF VETERANS AFFAIRS**

52. Plaintiffs incorporate the allegations of Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. 38 U.S.C. § 7421(a) and (b) provides that the VA Secretary "shall prescribe by regulation the hours and conditions of employment and leaves of absence" of employee classifications that include registered nurses.

54. In VA Handbook 5011 and VA Directive 5011, the VA has promulgated policies pertaining to Hours of Duty and Leave for Title 38 employees.

55. VA policy (Handbook 5011, Part II, Chapter 3) states that, "Unless otherwise indicated, the 'basic workweek' for full-time employees shall be 40 hours in length. The normal tour of duty within the 40-hour basic workweek shall consist of five 8-hour days, exclusive of the meal period."

56. VA policy (Handbook 5011, Part II) defines "administrative workweek" to be "[a] period of 7 consecutive calendar days, which coincide with the calendar week, Sunday through Saturday."

57.    VA policy (Handbook 5011, Part II, Chapter 3) also provides for "flexible" and "compressed work schedules" that do not conform to the "basic workweek" for title 38 employees appointed under 38 U.S.C. § 7401(1), which includes registered nurses.

58.    VA policy (Directive 5011/2, Transmittal Sheet) states that, "In the establishment of work schedules, employees will have their assignments scheduled in advance over periods of not less than one administrative workweek and such schedules will be established in a manner that realistically reflects the actual work requirement."

59.    VA policy (Directive 5011/2, Transmittal Sheet) also states that, "Duty schedules for Title 38 healthcare employees shall be established as appropriate and necessary for performance of services in the care and treatment of patients and other essential activities within the administration for the Under Secretary for Health or designated officials."

60.    In VA Handbook 5007 and VA Directive 5007, the VA has promulgated policies pertaining to Pay Administration for Title 38 employees.

61.    VA policy (Handbook 5007/12, Part V, Chapter 2) states that, "Overtime is considered an expedient to be used only under conditions wherein necessary operations cannot be performed through planned coverage by on-duty personnel during their regular non-overtime basic workweek. Supervisory personnel must obtain proper authorization for overtime before permitting or requiring the performance of overtime work by an employee . . . Each responsible official shall also adhere to a policy of authorizing only such overtime as can be readily demonstrated as wholly supported from the standpoint of emergency and/or efficiency in carrying out responsibilities, and with due regard to cost and the availability of current funds."

62.    VA policy (Handbook 5007/12, Part V, Chapter 2) further states that, "Except as provided in paragraph 3a of this chapter, probational and permanent full-time nurses, PAs, and

EFDAs are employed on the basis of a 40-hour basic workweek, unless on an alternate work schedule, as indicated in VA Handbook 5011, Hours of Duty and Leave. Computation of regular pay for employees on the 40-hour basic workweek shall be based on a basic hourly rate, derived by dividing the employee's annual rate of basic pay by 2080 . . . Overtime must be at least 15 minutes duration in a calendar day to be creditable for overtime purposes . . . Overtime is payable for service performed in excess of 40 hours in an administrative workweek, or in excess of 8 hours in a day, whichever is greater, at a rate of one and one-half times the employee's basic hourly pay. Note: For employees on compressed work schedules, overtime pay is payable for service performed in excess of the employee's daily work requirement . . . An official authorized to approve overtime work may, at the written request of eligible employees, grant such employees compensatory time off from their scheduled tour of duty in lieu of overtime pay."

63.    VA policy (Directive 5007) states that, "VA will administer pay programs in a fair and equitable manner, consistent with applicable title 5 and title 38 provisions, Office of Personnel Management (OPM) regulations, and applicable Comptroller General and OPM decisions."

64.    Defendant's knowledge of Plaintiffs' and other class members' additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and expectation, requirement, and inducement to work those additional hours constitute Defendant's authorization for the additional hours worked.

65.    At all times relevant to this action and continuing to the present, the Defendant willfully failed to pay Plaintiffs and other class members for additional hours worked on a

recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement with overtime pay at a rate of one and one-half times each nurse's hourly rate of pay or compensatory time off.

66.     The foregoing actions of the Defendant constitute violations of VA regulations and policies, enumerated in paragraphs 52 through 63, enacted and implemented pursuant to the VA's authority under 38 U.S.C. § 7421 as well as violations of the additional overtime pay provisions of 38 U.S.C. § 7453 and special rules for overtime duty provisions of 38 U.S.C. § 7459.

67.     Plaintiffs and other class members, who have been employed as registered nurses, including nurse practitioners, clinical nurse specialists, and nurse anesthetists, have been financially damaged by the VA's failure to properly pay additional overtime pay and are entitled to recover from the Defendant relief that includes, but is not limited to, any and all unpaid overtime back pay, and interest on such overtime back pay, for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement; and, reasonable attorneys' fees and costs of this action pursuant to 38 U.S.C. § 7453, 38 U.S.C. § 7459, 5 U.S.C. § 5596, and VA regulations and policies.

## COUNT IV
## VIOLATION OF BASIC PAY REGULATIONS AND POLICIES
## BY DEPARTMENT OF VETERANS AFFAIRS

68.     Plaintiffs incorporate the allegations of Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69.     VA policy (Handbook 5007, Part II, Chapter 2) states that, "Personnel employed under 38 U.S.C. 7306 and 7401(1) shall be compensated in accordance with salary tables established by the Secretary for each occupation and salary grade for which a range of rates is established under 38 U.S.C. § 7404."

70.     With respect to its financial policies and procedures regarding payroll payments, VA policy (VA Financial Policy, Volume XV – Chapter 6) also states that, "VA will pay its employees, including separated employees, the correct amount of salary and/or wages, premium pay, allowances, and differentials to which they are entitled by Federal laws, regulations, and VA policy . . . VA will adhere to Title 38 of the U.S.C. and the applicable C.F.R. when paying its hourly and daily rate employees in health care occupations."

71.     With respect to determining a 38 U.S.C. §7401(1) employee's hourly rate of pay, VA policy (VA Financial Policy, Volume XV – Chapter 6, Appendix B) states that, "The annual salary rate in the employee master record is divided by 2080 hours per year. The product rounded to the penny is the hourly rate of basic pay."

72.     At all times relevant to this action and continuing to the present, the Defendant willfully failed to pay Plaintiffs and other class members for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement with basic hourly pay.

73.     The foregoing actions of the Defendant constitute violations of VA regulations and policies, enumerated in paragraphs 68 through 71, enacted and implemented pursuant to the VA's authority under 38 U.S.C. §§ 7404 and 7421.

74.     Plaintiffs and other class members, who have been employed as registered nurses, including nurse practitioners, clinical nurse specialists, and nurse anesthetists, have been financially damaged by the VA's failure to properly pay the hourly rate of basic pay for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and are entitled to recover from the Defendant relief that includes, but is not limited to, any and all unpaid  basic pay back pay, interest on such back pay; and, reasonable attorneys' fees, and costs of this action pursuant to 5 U.S.C. § 5596 and VA regulations and policies.

## COUNT V
## UNJUST ENRICHMENT

75.     Plaintiffs incorporate the allegations of Paragraphs 1 through 74 of the Complaint as if fully set forth herein.

76.     Plaintiffs and other class members conferred a benefit upon Defendant through the performance of additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement for which they have not been paid.

77.     Under VA policy, the VA is obligated to pay Plaintiffs and other class members for any and all time spent performing VA work that "is considered to be of substantial benefit to VA in accomplishing its general mission or one of its specific functions." (VA Handbook 5011, Part II, Chapter 3)

78.     As a result of the Defendant's failure to pay the Plaintiffs and other class members for additional hours worked on a recurring and involuntary basis, significantly in

excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement, the Defendant has been unjustly enriched.

79.     By reason of the foregoing, Plaintiffs and other class members, who have been employed as registered nurses, including nurse practitioners, clinical nurse specialists, and nurse anesthetists, have been financially damaged by the VA's failure to properly pay basic hourly pay, overtime pay, or compensatory time off for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and are entitled to recover from the Defendant relief that includes, but is not limited to, any and all unpaid overtime back pay, or in the alternative all unpaid basic pay back pay, interest on such back pay; and, reasonable attorneys' fees, and costs of this action pursuant to 5 U.S.C. § 5596 and VA regulations and policies.

## COUNT VI
## QUANTUM MERUIT

80.     Plaintiffs incorporate the allegations of Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81.     Plaintiffs and other class members have performed numerous and valuable services, which were known, expected, required, and induced by the Defendant and for the benefit of the Defendant. The reasonable value of those services for which the Plaintiffs and other class members have not been paid is the value of one and one-half times the hourly rate of basic pay, or in the alternative the basic hourly rate of pay, multiplied by all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes

duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement.

82.     By reason of the foregoing, Plaintiffs and other class members, who have been employed as registered nurses, including nurse practitioners, clinical nurse specialists, and nurse anesthetists, have been financially damaged by the VA's failure to properly pay basic hourly pay, overtime pay, or compensatory time off for all additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and are entitled to recover from the Defendant relief that includes, but is not limited to, any and all unpaid overtime back pay, or in the alternative all unpaid basic pay back pay, interest on such back pay, reasonable attorneys' fees, and costs of this action pursuant to 5 U.S.C. § 5596 and VA regulations and policies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.     Certify this case as a class action pursuant to RCFC 23(b); certify Plaintiffs as the class representatives; and approve the undersigned attorneys as attorneys for the class;

B.     Declare that the Defendant's conduct alleged herein to be in violation of the Plaintiffs' rights under 38 U.S.C. § 7453, 38 U.S.C. § 7459, and basic pay and overtime pay regulations and policies of the VA;

C.     Order Defendant to cease failing to comply with 38 U.S.C. § 7453, 38 U.S.C. § 7459, and regulations and policies of the VA by failing to properly pay Plaintiffs and the class members with basic hourly pay, overtime pay, or compensatory time off for additional hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes

duration in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement;

D.     Enter judgment against Defendant for all back pay due to Plaintiffs and all other class members for any and all unpaid basic pay and overtime pay due under 38 U.S.C. § 7453, 38 U.S.C. § 7459, 5 U.S.C. § 5596, and basic pay and overtime pay regulations and policies of the VA, which Defendant unlawfully withheld from Plaintiffs and all other class members for those hours worked on a recurring and involuntary basis, significantly in excess of fifteen (15) minutes duration in a calendar day, and in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement during the statutory period;

E.     Award Plaintiffs and the class they represent an adjustment for any negative State and Federal Income Tax consequences they may incur, related to the payment of any award herein;

F.     Award Plaintiffs and the class they represent pre-judgment interest on any and all unpaid wages or other damages to which they may be entitled;

G.     Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

H.     Award reasonable attorneys' fees and the costs and disbursements of this action to be paid by Defendant to Plaintiffs' counsel under 5 U.S.C. § 5596, the Back Pay Act;

I.     Grant such further and other relief as this Court deems just and proper.

Respectfully submitted,

David M. Cook

David M. Cook
**Cook & Logothetis, LLC**
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-0444
Fax: (513) 721-1178
dcook@econjustice.com
*Attorney of Record for Plaintiffs*


Claire W. Bushorn
**Cook & Logothetis, LLC**
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-0444
Fax: (513) 721-1178
cbushorn@econjustice.com
*Of counsel for Plaintiffs*


Robert H. Stropp, Jr.
**Mooney, Green, Saindon, Murphy & Welch, P.C.**
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 783-0010
Fax:    (202) 783-6088
rstropp@hotmail.com
*Of counsel for Plaintiffs*


E. Douglas Richards
**E. Douglas Richards, PSC**
619 Cooper Drive
Lexington, KY 40502
Phone: (859) 269-1974
Fax:    (866) 249-5128
edrichards714@yahoo.com
*Of counsel for Plaintiffs*