IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHANIE MERCIER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 12-920 |
| ) | (Judge Kaplan) |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S STATUS REPORT REGARDING FURTHER PROCEEDINGS
AND RESPONSE TO PLAINTIFFS' PROPOSAL FOR FURTHER PROCEEDINGS

Pursuant to the Court's July 23, 2015 Order, defendant, the United States, respectfully submits this status report regarding further proceedings.

On August 20, 2015, plaintiffs provided us with a draft JPSR, which included proposed topics for class discovery and a discovery schedule. We informed plaintiffs that there were several areas on which we had previously agreed, including jurisdiction, consolidation, deferral, several areas on which the parties would be unable to reach agreement, including bifurcation and the timing for addressing class certification, and several areas on which the parties might be able to reach an agreement, including limited discovery for the named plaintiffs, national policies concerning overtime, view alerts and discipline. As a result, we requested additional time to confer with the relevant personnel at the VA and the Department of Justice in order to prepare a comprehensive response, which would include the areas of class discovery upon which we were prepared to agree. Plaintiffs indicated that they would file their proposal with the Court.[1]

---

[1] Plaintiffs' proposal follows the form of a JPSR. However, the parties already filed a JPSR in this case prior to the time we filed our motion to dismiss. As a result, we advised plaintiffs that filing a new JPSR was not necessary and was not what the Court's July 23, 2015 order requested of the parties. For the purposes of narrowing the issues of

**A.    Jurisdiction**

Plaintiffs' assert jurisdiction pursuant to the Tucker Act and the Back Pay Act. Defendant has no reason to question the jurisdiction of this Court at this time.

**B.    Consolidation**

Defendant agrees that this case should not be consolidated with any other case.

**C.    Bifurcation**

Defendant believes that this case should be bifurcated such that all class certification issues are resolved prior to the consideration of the merits of plaintiffs' claims.  Defendant agrees that trial of liability and damages should not be bifurcated.

Pursuant to RCFC 23(c)(1), class certification should be addressed "at an early practicable time."  Under plaintiffs' proposal, class certification would not be resolved until nearly two years from the date the Court issues a scheduling order.  Based upon plaintiffs' present suggestion of their proposed class, we anticipate that this case could involve at least 50,000 current and former VA nurses.  Until such time as class certification is addressed, the VA could be forced to expend significant resources to retain a massive amount of data and records that might be wholly unrelated to this litigation.  Moreover, the costs and time necessary to conduct discovery will vary greatly depending on the nature of the class certified, if any, which will dictate the number and type of plaintiffs in this action.  As we explained briefly in the most recent status conference with the Court, many personnel policies vary based upon the specific hospital in which an employee works.  Likewise, the applicable overtime policies, duties and expectations for the performance of these duties can be different depending on the

---

dispute for the Court, we will follow the format of the JPSR and provide a response to the position taken by plaintiffs.

specific position (*i.e.* registered nurse, nurse practitioner, physician assistant, *etcetera*) that an employee occupies.  Resolution of class certification prior to the conduct of merits discovery will conserve resources by minimizing the costs and time spent on discovery that might not be relevant to this action.  Moreover, until we know the specific plaintiffs who may be involved in this litigation, we cannot adequately assess the feasibility of settlement because we do not know the scope of our potential liability.

**D.**     **Deferral**

Defendant agrees that further proceedings should not be deferred pending consideration of another case by this Court.

**E.**     **Remand Or Suspension**

Defendant agrees that no remand or suspension will be sought.

**F.**     **Joinder Of Additional Parties**

Given the liberal standards of RCFC 15, defendant is unlikely to object to a timely request by plaintiffs to amend their complaint to add additional named plaintiffs.  However, based upon plaintiffs' vague suggestion for a definition of its class, defendant does not believe that class certification is proper.  Defendant will object to any request to add additional class representatives to this action unless this case is first certified as a class action.  Likewise, defendant will object to any request by plaintiffs to attempt to include physician assistants into their proposed class because physician assistants are not included within the allegations of plaintiffs' complaint.  Moreover, even if class certification were proper for nurses, the addition of physician assistants to the class would not be proper.

G.     **Dispositive Motions**

Defendant does not anticipate filing any additional motions pursuant to RCFC 12(b) or 12(c) with respect to plaintiffs' current complaint. If plaintiffs were to file an amended complaint, defendant reserves its right to file any motion pursuant to RCFC 12 that it deems proper. Additionally, defendant reserves its right to file a motion pursuant to RCFC 56.

H.     **Relevant Legal And Factual Issues**

Defendant readopts and incorporates the summary of relevant legal and factual issues contained in the parties' previously filed JPSR. Defendant objects to plaintiffs' statement of the relevant factual and legal issues because plaintiffs are improperly attempting to expand the scope of this litigation beyond the allegations of their complaint. Defendant raises two primary objections. First, as explained above, plaintiffs are attempting to add physician assistants to their proposed class but physician assistants are not referenced in plaintiffs' complaint. Additionally, the allegations in plaintiffs' complaint seek overtime compensation for responding to View Alerts, whereas the summary of the legal and factual issues in plaintiffs' current statement requests overtime compensation for work "in any way related to the CPRS system." CPRS is the VA's Computerized Patient Record System; it includes all patient medical records and, therefore, work related to CPRS is significantly broader than responding to View Alerts, which is the basis for plaintiffs' current complaint.

Plaintiffs propose several areas of class discovery. Defendant acknowledges that plaintiffs are entitled to limited discovery in order to determine whether class certification is proper. Nevertheless, due to the volume of potential class members in this action, we

require additional time to identify all potential class members, to locate all potentially relevant records and to determine the appropriate boundaries of plaintiffs' inquiry. At present, defendant is prepared to acknowledge that, at a minimum, plaintiffs are entitled to all national policies regarding the approval of overtime and the completion of View Alerts. As previously communicated to plaintiffs, defendant is amenable to considering plaintiffs' other specific requests for discovery provided that those requests are narrowly tailored to address the topic of class certification.

**I.      Alternative Dispute Resolution**

Defendant is willing to engage in informal settlement negotiations at any point in time. Defendant does not currently believe that alternative dispute resolution would be helpful. We do not, however, rule of the possibility of requesting alternative dispute resolution in the future.

**K.      Electronic Case Management**

Plaintiffs advised us that they retained a consultant to review and to manage the electronic records produced during discovery. The parties have discussed that it will be more efficient for plaintiffs' consultant to work directly with information technology personnel at the Department of Justice and the VA in order to negotiate about the form of production, the redaction of patient information and other potential issues that may arise with the production of electronically stored information (ESI). Without further clarification from plaintiffs as to nature and scope of its proposed forensic examination, however, we cannot consent to such a request. Defendant is amenable to all reasonable requests for access to ESI.

**L.     Other Information**

Defendant acknowledges that a litigation hold was disseminated in March 2013, and is currently in place. However, the volume, location and type of relevant ESI that must be preserved will vary greatly depending on whether this case is certified as a class action, and, if so, the nature of the class certified.

Based upon plaintiffs' vague suggestion of a proposed class, we are working diligently to identify all potential class members, to locate their ESI, and to determine the most efficient and cost effective method of preserving the information. Depending on the number of plaintiffs in this action, the cost of preserving ESI will be massive. Once we complete our own analysis of the location, volume and cost of retaining all potentially relevant ESI, we will confer with plaintiffs and attempt to reach an agreement regarding the scope of ESI that should be preserved. If necessary, we will respectfully request that the Court assist the parties in negotiating an agreement to limit the preservation and discovery of ESI.

**M.     Proposed Discovery Plan**

As explained above, because the parties disagree as to how discovery should proceed at this time, we cannot consent to plaintiffs' discovery plan. The scope of discovery will differ based upon whether class certification is addressed as a threshold issue and the permissible scope of discovery related to class certification. Defendant is willing to negotiate with plaintiffs on a discovery plan after the parties reach an understanding as to when class certification will be resolved and as to the permissible scope of scope of discovery related to class certification.

Respectfully submitted,

BENJAMIN C. MIZNER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/Jessica R. Toplin
JESSICA R. TOPLIN
Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-0382
Facsimile: (202) 514-8624
Jessica.Toplin@usdoj.gov

August 24, 2015                                                  Attorneys for Defendant